IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:21-cr-288-ECM |
| | ) |
| MARGIE ANN JOHNSON | ) |
| KAREEM HARRY | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are Defendant Kareem Harry's motions to continue trial (docs. 57 and 59). Jury selection and trial are presently set on the term of court commencing on April 4, 2022. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for Defendant Harry represents that additional time is necessary to review voluminous discovery and prepare for trial. Neither the United States nor co-defendant Margie Ann Johnson[1] oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Accordingly, the Court concludes that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendants in a speedy trial. Thus, for good cause, it is

ORDERED that the motions to continue (docs. 57 and 59) are GRANTED, and jury selection and trial are CONTINUED from April 4, 2022, to the criminal term of court set to commence on August 29, 2022, at 10:00 a.m. in Montgomery, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the August trial term.

Done this 25th day of March, 2022.

                                                 /s/Emily C. Marks
                                                 EMILY C. MARKS
                                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant Johnson does not oppose a continuance but requested a May trial date. (Doc. 62). This case will be continued to the Court's next scheduled trial term in the Northern Division.